# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LAURIE A. TALERICO,

    Plaintiff,                                        CASE NO.:

v.

SPATHE SYSTEMS, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**I.    Jurisdiction and Venue**

    1.    This is an action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., to redress unlawful employment practices based on age and retaliation for protected activity.

    2.    The Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 626(c).

    3.    Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to these claims occurred at MacDill Air Force Base in Tampa, Florida, within the Middle District of Florida.

## II.  Parties

4.  Plaintiff Laurie A. Talerico is a citizen of the State of Florida residing in Safety Harbor, Florida. She was born May 6, 1962 and, at all relevant times, was over forty years of age and therefore protected by the ADEA.

5.  Defendant Spathe Systems, LLC ("Spathe") is a Florida-based government contractor doing business at 5401 W. Kennedy Boulevard, Suite 750, Tampa, FL 33609, providing personnel and educational support to the Joint Special Operations University ("JSOU") at USSOCOM, MacDill AFB.

6.  At all relevant times, Spathe employed 20 or more employees and was engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 630(b).

## III.  Administrative Exhaustion

7.  On December 16, 2025, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination and retaliation. More than sixty (60) days have passed since the filing of the charge, and Plaintiff has therefore exhausted the administrative prerequisites to suit under the ADEA.

## IV.  Factual Allegations

8.  Plaintiff was hired in November of 2020, as a Research Librarian / Systems Librarian supporting the JSOU Library at USSOCOM.

2

9. Plaintiff was later employed by Spathe Systems, LLC, which hired, paid, supervised, evaluated, and exercised control over the terms and conditions of Plaintiff's employment. Although Plaintiff performed services at the Joint Special Operations University pursuant to Spathe's government contract, Spathe retained the authority to make personnel decisions affecting its employees assigned to the contract.

10. Plaintiff had more than 22 years of professional library and systems-management experience. She also held a security clearance.

11. In 2023, Spathe's then site lead, Jack Stern, cancelled an interview for an open position with the most qualified librarian candidate (Jasmine Valentino) and instead later selected a substantially younger, less-qualified applicant, Gisela Gonzalez. Ms. Gonzalez had only approximately three months of part-time adjunct experience, far below the position's 2-to-5-year requirement.

12. Plaintiff learned of the cancellation of the interview of the more highly qualified candidate through a co-worker, Eric Hughes, who questioned why the company "cancelled the interview with Jasmine and hired this girl instead?"

13. On February 6, 2025, Plaintiff reported what she reasonably believed to be age-based discrimination and preferential treatment of younger employees to government lead Eddie Edwards. He dismissed her report.

14. Within one week, on February 13, 2025, department director Shannon Meade ordered Plaintiff to vacate her private office that she had occupied for more than two years, move to the back of the library, and surrender all database passwords. Spathe managers Deymos Borgen and William (Sandy) Shook told Plaintiff to "start looking for another job."

15. In March 2025, a 32-year-old library-school student, Desiree Kelchen, contacted Spathe seeking a summer internship. Spathe quickly approved and sponsored Ms. Kelchen as a "company volunteer."

16. During the summer of 2025, Ms. Kelchen worked 10 hours per week and was supervised by Plaintiff.

17. Plaintiff received positive feedback for her performance and signed a renewed Employee Work Authorization extending through July 2026.

18. On August 19, 2025, Plaintiff met with contracting-office officials at USSOCOM to report misuse of government time by the inexperienced younger contractor staff.

19. On August 25, 2025, only days after Plaintiff reported misconduct and contract irregularities to government contracting officials and shortly after Deputy Inspector General Kevin Kirby scheduled a meeting with her regarding those reports, Spathe Site Lead William "Sandy" Shook called Plaintiff to his office and terminated her employment, stating that "operational changes" were made.

20. Defendant retained substantially younger employees performing similar work, including librarian Gisela Gonzalez. Ms. Gonzalez was 34 years younger than Plaintiff.

21. On August 29, 2025, four days after Plaintiff's termination, Defendant publicly advertised the position "Research Librarian – MacDill AFB" to support the same Joint Special Operations University library program for which Plaintiff worked.

22. The advertised position listed duties, qualifications, and responsibilities substantially identical to those Plaintiff had performed, including providing research services to JSOU faculty and staff, managing library systems and databases, supporting reference services, and assisting with collection development.

23. By October 2025, Defendant hired Desiree Kelchen to fill the open position. Ms. Kelchen was the same intern Plaintiff had supervised during the summer of 2025.

24. Ms. Kelchen was substantially younger than Plaintiff and lacked the level of professional experience required for the position. Ms. Kelchen was substantially lesser qualified than Plaintiff and would not graduate until December of 2025.

25. During Plaintiff's employment by Spathe, her performance met or exceeded expectations. She was never disciplined, warned, or counseled for poor performance.

26. Defendant's stated explanation of "operational changes" was false and pretextual. Plaintiff's position continued to exist, Defendant advertised it and filled the same role shortly after terminating Plaintiff. A substantially younger employee was retained, and another hired to perform the same duties.

27. Spathe's actions were willful and taken with reckless disregard of Plaintiff's rights under the ADEA.

## V. Cause of Action – Age Discrimination

28. Plaintiff incorporates paragraphs 1 through 27.

29. Defendant discriminated against Plaintiff because of her age by terminating her employment, retaining a substantially younger and lesser qualified employee to perform the same work, and by replacing Plaintiff and/or hiring a substantially younger and lesser qualified individual for the open position for which Plaintiff was the most qualified individual.

30. Plaintiff was over the age of 40 when each of these actions was taken.

31. As a direct and proximate result, Plaintiff has suffered lost wages, loss of employment benefits, emotional distress, reputational harm, and humiliation.

32. Defendant's violations were willful, entitling Plaintiff to liquidated damages under 29 U.S.C. § 626(b).

## VI. Cause of Action –Retaliation (29 U.S.C. § 623)

33. Plaintiff incorporates paragraphs 1 through 27.

34. Plaintiff reported what she reasonably believed to be age-based discrimination and preferential treatment of younger employees to management. Her report was ignored.

35. Spathe Systems retaliated against Plaintiff for engaging in protected activity under the ADEA by (a) removing her from her office, (b) threatening her employment, (c) terminating her days after she reported discrimination, and (d) denying her employment in positions for which she was most qualified.

36. Defendant acted through its supervisors and managers, including but not limited to William "Sandy" Shook, Deymos Borgen, and other individuals with authority over Plaintiff's employment, whose actions were the proximate cause of the adverse actions taken towards Plaintiff.

37. Defendant's violations were willful, entitling Plaintiff to liquidated damages under 29 U.S.C. § 626(b).

## VII. Prayer for Relief

38. Plaintiff respectfully requests that this Court: (a) Enter judgment in her favor and against Spathe Systems; (b) Declare that Defendant's actions

violated the ADEA; (c) Award back pay, front pay, and lost benefits; (d) Award liquidated damages for willful violations; (e) Award reasonable attorneys' fees and costs under 29 U.S.C. § 626(b); and (f) Grant such other and further relief as the Court deems just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

*/s/ Ronald W. Fraley*
Ronald W. Fraley
Florida Bar No.: 0747025
The Fraley Firm, P.A.
rfraley@fraleylawfirm.com
412 East Madison St., Suite 813
Tampa, Florida 33602
(813)229-8300 - Office
Attorney for Plaintiff